Herry v City of New York (2025 NY Slip Op 01915)

Herry v City of New York

2025 NY Slip Op 01915

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-08271
 (Index No. 706101/20)

[*1]Brent Herry, appellant, 
v
City of New York, et al., defendants, New York City Housing Authority, respondent (and a third-party action).

Law Offices of Michael S. Lamonsoff, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul Seidenstock, and Jack Lockwood], of counsel), for appellant.
Giordano, Glaws & Fenstermacher, LLP, New York, NY (Charles T. Glaws of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 29, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant New York City Housing Authority which was to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant New York City Housing Authority which was to dismiss the complaint insofar as asserted against it is denied.
The underlying facts of this action are recited in this Court's decision and order on a related appeal (see Matter of Herry v New York City Hous. Auth., ___ AD3d ___ [decided herewith]). The plaintiff commenced this personal injury action against, among others, the defendant New York City Housing Authority (hereinafter NYCHA). NYCHA moved, inter alia, to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to serve a timely notice of claim upon it. In an order entered August 29, 2022, the Supreme Court, among other things, granted that branch of NYCHA's motion. The plaintiff appeals.
The Supreme Court's determination in this action rested on the court's determination in a related proceeding commenced by the plaintiff to deny that branch of the petition which was to serve a late notice of claim upon NYCHA. As this Court has reversed that determination in the related proceeding and granted the plaintiff leave to serve a late notice of claim upon NYCHA (see id.), we likewise reverse the order insofar as appealed from and deny that branch of NYCHA's motion which was to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to serve a timely notice of claim upon it.
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court